**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHANIE BUSH, | : |
| Plaintiff, | : |
| v. | : CASE NO. 2:22-cv-01292-KSM |
| LVNV FUNDING, LLC, | : |
| Defendants. | : |

**DEFENDANT LVNV FUNDING, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Defendant LVNV Funding, LLC respectfully submits this Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees (ECF 5).

**I.   INTRODUCTION**

In this straightforward Fair Debt Collection Practices Act case that resolved itself just over a month after the Complaint was filed, Plaintiff alleged that LVNV violated 15 U.S.C. § 1692e by failing to notify the national credit reporting agencies that she disputed the account she owed to LVNV. ECF 1, ¶¶ 38—39. Neither the facts of this case nor the legal theory on which it rests is novel or complex. The parties engaged in no discovery. In fact, the case resolved before LVNV filed a responsive pleading. But despite the straightforward nature of this case, despite that it required no original work by counsel, and despite the fact that the case resolved for a *de minimis* amount, Plaintiff nonetheless seeks $4,795.00 in attorney's fees—nearly five (5) times the amount recovered by Plaintiff herself. For the reasons that follow, this amount should be reduced so that counsel is awarded only the *reasonable* fees permitted pursuant to the FDCPA.

1

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed her Complaint on April 6, 2022, alleging that LVNV violated the FDCPA by neglecting to inform the credit reporting agencies that Plaintiff disputed the account she owed to LVNV. ECF 1. Shortly afterwards, the parties resolved Plaintiff's claim for damages by Plaintiff's May 16, 2022 acceptance of Defendant's Rule 68 Offer of Judgment. ECF 4. Pursuant to the Offer, Plaintiff accepted a judgment in her favor and against LVNV in the amount of $1,001.00. *Id.* The judgment also provides that LVNV will pay Plaintiff's reasonable attorney's fees and costs incurred in connection with Plaintiff's prosecution of the claims alleged against LVNV through May 16, 2022, when Plaintiff accepted the offer. *Id*.

Unfortunately, the parties were unable to come to an agreement as to the amount of counsel's reasonable fees, culminating in Plaintiff's Motion.

## III. STANDARD OF REVIEW

The FDCPA provides that a prevailing plaintiff is entitled to "the costs of the action, together with a ***reasonable*** attorney's fee as determined by the court." 15 U.S.C. § 1692k(3) (emphasis added). Regarding such fees, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary …" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). To determine a reasonable fee, the court takes the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. Id. at 433. This is often referred to as the lodestar amount, and the party seeking the attorney's fees bears the burden to prove the reasonableness of the requested fees. *Id*. "[C]ourts are to exclude from the determination of the lodestar any hours not reasonably expended. Hours subject to exclusion under *Hensley* include those deemed 'excessive, redundant, or otherwise

unnecessary.'" *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d. Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). A district court not only has the authority to determine a reasonable fee, but also has much latitude in reaching a figure:

> "the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party.… The court will inevitably be required to engage in a fair amount of "judgment calling" based upon its experience with the case and its general experience as to how much time a case requires. In order to exercise its discretion fairly, a district court needs flexibility in deciding whether to reduce a fee request and, if so, by how much."

*Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 721 (3d Cir. 1989).

A party "is not automatically entitled to compensation for all the time its attorneys spent working on the case." Instead, a court must "decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are excessive, redundant, or otherwise unnecessary." A court "may not reduce an award *sua sponte*" and must only do so in response to an opposing party's specific objections. But once an opposing party has made a specific objection, the burden lies with the prevailing party to justify its request. *Mateo v. ARS National Services*, 2017 U.S. Dist. LEXIS 189044 *11; 2017 WL 5479513 (D. N.J. November 14, 2017).

As a general matter, the court must determine the reasonableness of counsel's hourly rate to ensure it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, even where a requested hourly rate is generally acceptable, courts may nonetheless adjust the lodestar based on evaluation of a number of factors, including the time and labor required of counsel; the novelty of the case; the amount involved and results obtained; the

experience, reputation and ability of counsel; and the customary fee for similar work. *Pub. Int. Rsch. Grp. v. Windal*, 51 F.3d 1179, 1185 n. 8 (3d Cir. 1995) (citations omitted).

IV. **ARGUMENT**

    A.    *The Court should exclude "paralegal" time for Plaintiff's failure to substantiate an acceptable hourly rate.*

In a petition for fees, a party not only has the burden of substantiating the hourly rates of her counsel, but also that of any support staff for which she seeks compensation. In *Rosner v. Faloni Law Grp., LLC,* 2021 U.S. Dist. LEXIS 46862, at *10 (D.N.J. Feb. 8, 2021), Rosner's counsel sought a $100.00 hourly rate for paralegal work. *Rosner*, at *10. But Rosner provided no information by which the reasonableness of a $100.00 hourly rate could be measured—Plaintiff gave the Court no information about the paralegal's educational background, experience, familiarity with FDCPA matters, or professional certifications. Plaintiff did not, for example, provide the purported paralegal's educational background, experience, familiarity with FDCPA matters, or indicate whether she held any professional paralegal certification. Additionally, the plaintiff failed to identify even the customary hourly rate (or even a range of rates) for paralegals in the community. *Id*. at *11. Noting that the fee award had to be grounded upon some degree of a factual record, the *Rosner* court fully excluded the paralegal's services from the award. *Id*.

Like in *Rosner*, Plaintiff here has provided no facts or details to support an award for unsubstantiated paralegal time. She offers no information about the qualifications of the paralegal or why they are reasonably entitled to billing at an hourly rate of $125.00 per hour. Accordingly, it is impossible for Defendant, or this Court, to assess whether the fee charged by the paralegal was reasonable. As a result, this Court should fully exclude the "paralegal's time, and reduce counsel's requested fee award by $175.00.

B.   *The Court should exclude requests for attorney or paralegal compensation for the performance of administrative tasks.*

Time that would not be billed to a client cannot be imposed on an adversary. *Evankavitch v. Green Tree Servicing, LLC*, 2014 U.S. Dist. LEXIS 125557 (M.D. Pa. Sept. 9, 2014). Consequently, tasks not normally billed for by attorneys or paraprofessionals cannot be recovered by a party through a fee petition. *Id*. (citations omitted); *see also Alexander v. NCO Fin. Sys*., No. 11-401, 2011 U.S. Dist. LEXIS 64211, at *19 (E.D. Pa. June 16, 2011). Opening a file in a database, mailing letters, and copying documents are clearly administrative tasks. *Id.* at *20; *see also Whitt v. Receivables Performance Mgmt., LLC*, 2012 U.S. Dist. LEXIS 143120, at *34—35 (D.N.J. July 18, 2012) (opening files and mailing documents are "excessive, redundant, or otherwise unnecessary", "would not generally be billed to one's own client", and "are not properly billed to an adversary").

With regard to paralegal time, even if this Court were to find the requested time compensable at some hourly rate, one paralegal task is clearly administrative in nature, and should be excluded from a fee award:

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 11/11/2021 | Paralegal: Open new file for case, attach all documents to client file. | 0.5 | $125.00 | $62.50 |

See ECF 5-5, p. 1.

Opening files and "attaching" documents to files, like making copies and mailing letters, are clerical functions and should thus be excluded from the ultimate fee award in this case, reducing any total award by a further $62.50.

5

With regard to attorney time, Mr. Dunne[1] also billed at his attorney rate for administrative tasks, which should be excluded. Specifically, Mr. Dunne billed as follows:

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 11/13/2021 | Attorney: Draft letter of representation **and mail first class to LVNV Funding** | 0.3 | $412.50 | $123.75 |
| Service | 11/13/2021 | Attorney: Draft letter of representation **and mail certified mail, return receipt requested to LVNV Funding** | 0.4 | $412.50 | $165.00 |
| Service | 11/13/2021 | Attorney: **Fax LVNV Funding Letter of Representation.** | 0.2 | $412.50 | $82.50 |
| Service | 4/1/2022 | Attorney: Draft complaint, contact client to review, **prepare civil cover sheet, case mgmt. form, designation form, and exhibits.** | 2.4 | $412.50 | $990.00 |
| Service | 4/4/2022 | Attorney: Review court notices of filed documents **and attach to file.** | 0.1 | $412.50 | $41.25 |
| Service | 4/6/2022 | Attorney: **Contact process server to obtain costs of service, prepare documents to be sent to process server** | 0.5 | $412.50 | $206.25 |
| Service | 4/22/2022 | Attorney: **Receive and review email from attorney Lauren Burnette requesting clients LVNV account number.** | 0.2 | $412.50 | $82.50 |
| Service | 4/29/2022 | Attorney: **Receive and review email from Attorney Lauren Burnette requesting demand.** | 0.2 | $412.50 | $82.50 |
| Service | 5/2/2022 | Attorney: **Receive and review email from Attorney Lauren Burnette reaffirming counter-offer** | 0.2 | $412.50 | $82.50 |

---

[1] The invoice does not identify "Attorney" by name, but LVNV presumes based on Plaintiff's Motion that "Attorney" refers to Mr. Dunne.

6

| Service | 05/03/2022 | Attorney: **Receive and review email from Attorney Lauren Burnette** containing attached Offer of Judgment | 0.5 | $412.50 | $206.25 |

*See* ECF 5-5, p. 1—2. (Emphasis added).

Preliminarily, it appears that counsel has billed twice for drafting one letter of representation to LVNV. Comparing Exhibits 2 and 3 to Plaintiff's Complaint shows that counsel billed for drafting the same letter twice on the same day: once by regular mail, and once by certified mail, return receipt requested. *Cf.* ECF 1—5 with ECF 1—6. Compounding the issue, counsel has blurred the line between *drafting* his notice of representation—which, if it truly requires original thought, may conceivably be an attorney function—and *mailing* his notice by combining drafting and mailing into a single billable item.

Counsel then compounds the issue by billing a third time for sending the same notice of representation to LVNV, this time by fax. ECF 5-5, p. 1.. Setting aside the fact that counsel offers no explanation for why he sent LVNV the same letter three times in one day, it cannot be disputed that he should not be compensated for performing such a purely clerical task as sending a fax. *See Zavodnick v. Gordon & Weisberg, P.C.*, 2012 U.S. Dist. LEXIS 788868, at *18—19 (E.D. Pa. June 6, 2012) (declining to award fees billed for facially clerical tasks, such as preparing correspondence). These tasks should thus be excluded from the court's ultimate fee award, resulting in a further reduction of $371.25.

The invoice contains other administrative tasks performed by counsel, which should similarly be excluded from the court's ultimate award. Communicating with a process server is not an attorney function normally billed to a paying client, nor is reviewing emails from other attorneys. *See Zavodnick* at *19 ("Preparing correspondence, reviewing emails from attorneys, and

7

coordinating with a court reporter are not tasks normally billed to a paying client."). While communicating with clients is unquestionably an attorney function, simply providing clients with docketed copies of pleadings and other filed materials, as Mr. Dunne billed for on April 6, 2022, is not. Taken together, these three categories of billed time entries—communicating with a process server, reviewing emails from opposing counsel, and sending his clients copies of docketed materials—total $701.25, and the Court's ultimate fee award should be further discounted by this amount.

Finally, counsel billed 2.4 hours, for a total of $990.00, for "Draft complaint, contact client to review, prepare civil cover sheet, case mgmt form, designation form, and exhibits." While drafting a complaint may be an attorney task, preparation of routine forms such as this Court's civil cover sheet, designation form and case management form, are not. By again intermingling potentially legitimate attorney time with clearly administrative (or, at most, para-professional) functions, Plaintiff has improperly sought compensation at an attorney rate for tasks performed by non-billable staff. The Court should decline to reward such efforts, and should reduce its ultimate fee award by $990.00.

> C. *Even if the Court determines that preparation of the complaint and accompanying forms is compensable as an attorney function, it should nonetheless eliminate, or substantially reduce, the $990.00 sought by counsel because the Complaint is a form complaint.*

Plaintiff contends that her counsel spent 2.4 hours drafting the complaint in this case. But with the exception of the demographic information about each Plaintiff—the date letters were sent, the defendant's name, address and corporate location, and so forth—the complaint filed in this case is virtually identical to the complaints filed in in numerous other cases in this Court in the past year alone. *See, e.g., Knight v. Portfolio Recovery Associates, LLC*, No. 2:22-cv-00555-NIQA, ECF 1; *Knight v. Portfolio Recovery Associates, LLC*, No. 2:21-cv-04992-MSG, ECF 1;

*Illiano v. Convergent Outsourcing, Inc.*, No. 2:21-cv-04419-CFK, ECF 1; *Angela Benjamin v. Commercial Acceptance Company*, No. 2:21-cv-02840-RBS, ECF 1; *James Gibson v. Commercial Acceptance Company*, 2:21-cv-02837-CMR, ECF 1; *Illiano-Trovato v. Convergent Outsourcing, Inc.*, 2:21-cv-02645-ER, ECF 1; *Denise Mackie v. Bay Area Receivables, Inc.*, No. 2:21-cv-00908-WB, ECF 1; *Michael Kessler v. Commercial Acceptance Company*, 2:21-cv-00597-MAK, ECF 1.

Indeed, the fact that the Complaint filed in this case is literally identical to numerous other complaints filed by Plaintiff's counsel underscores the simplicity of the issues in this matter, further emphasizing the excessive nature of Plaintiff's fee request as a whole. The claim pled in this case is one counsel has pled over and over again, right down to the caselaw citations. To be sure, LVNV does *not* take issue with counsel's use of his prior work product—every attorney owes their client an ethical obligation to keep costs low where possible. However, LVNV takes substantial issue with counsel's effort to recover fees in an amount equal to what it would take to draft such a complaint from scratch. The Court should similarly decline to reward counsel for his excessive time entry by eliminating it wholesale from his fee recovery.

> D.  *If counsel's experience and expertise warrant a rate of $412.50, then the amount of research conducted in this case is profoundly excessive.*

Counsel seeks compensation in the amount of $206.25 for "Research e(8) case law. Search citations of Riccio v. Sentry Credit, Inc., 954 F.3d 582 (3d. Cir. 2020) ("Collectors are prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute.")." The requirement that a debt collector notify a credit reporting agency of a disputed debt has been in place since the FDCPA was first passed in 1977; this is not a novel concept, and *Riccio* is no longer a "new" case (nor did its ultimate holding impact, to any degree, a debt collector's obligation to notify the credit bureaus to whom it reports that a disputed debt is disputed). Thus, counsel claims to possess a level of experience warranting a substantial hourly rate, while at the same time seeking

9

compensation for "research" regarding a case which *at best* makes a passing reference to the issues at hand in this matter. He has produced declarations from two of his colleagues (as well as his own declaration) attesting to his numerous years of experience in work on behalf of consumers, ECF 5-1, 5-2 and 5-3, while his billing records seek compensation for research that an attorney with the degree of familiarity with the FDCPA counsel claims to possess would not have had to do. Either Plaintiff's counsel commands the higher rate afforded to those with significant experience in the field, or he needs to conduct the research required of lesser seasoned attorneys. He cannot have it both ways. As such, the Court should wholesale exclude counsel's "research" from its ultimate fee award, and reduce the amount by a further $206.25.

      E.     *LVNV does not contest Plaintiff's request for costs.*

As the prevailing party, and pursuant to the plain terms of the Offer of Judgment which Plaintiff accepted, she is entitled to recover her costs. Although LVNV sees no reason for Plaintiff's counsel sending LVNV the same letter three times by three different means of delivery, LVNV does not contest Plaintiff's request for costs.

**V.    CONCLUSION**

In light of the foregoing, Defendant LVNV Funding, LLC respectfully submits that the Court should reduce the fees sought by counsel in this case--In conclusion, Plaintiff's fee should be reduced a total of $1,495, from the requested $5,253.71 for a total of $2,113.75.

                                            Respectfully submitted,

                                            **MESSER STRICKLER BURNETTE, LTD.**

                      By:    */s/ Lauren M. Burnette*
                            LAUREN M. BURNETTE, ESQUIRE
                            PA Bar No. 92412
                            12276 San Jose Blvd.
                            Suite 718

Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendant*

Dated: July 8, 2022

## CERTIFICATE OF SERVICE

I certify that on July 8, 2022, a true copy of the foregoing document was served on all counsel of record by CM/ECF.

**MESSER STRICKLER BURNETTE, LTD.**

By: /s/ Lauren M. Burnette
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendant*

Dated: July 8, 2022