UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE BUSH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:22-cv-01292-KSM |
| | : | |
| LVNV FUNDING LLC, | : | |
| | : | |
| Defendant. | : | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS

Defendant, LVNV Funding, LLC, argues (ECF No. 8) that the Court should award Plaintiff's counsel— Dunne Law Offices, P.C. ("Counsel")—less than 50% of the fees and costs which the firm incurred in prosecuting this case. The Court should reject Defendant's invitation to halve Counsel's fees and costs because (1) Defendant makes no showing that Counsel's hourly rates are unreasonable and (2) Defendant's arguments in favor of reductions for clerical work and duplicative work are largely meritless.

Defendant is correct in asserting that the statutory damages are *de minimis*.[1]

As discussed below, Plaintiff petitions the Court for an amended amount of attorney's fees: $4,465.[2] This amended amount incorporates a decrease in the fees requested based on those objections raised by Defendant that Plaintiff either believes are meritorious, or that she is

---

[1] Plaintiff's counsel made the exact same argument before CFPB Director Kathleen L. Kraninger at an invitation only TownHall at Penn Law School on November 16, 2020 and illustrated the *de minimis* amount of the sanction given that the FDCPA was enacted in March, 1978, and a $1,000 in 1978 adjusted for inflation equalled $4,295.05 in November 2020.

[2] Plaintiff also requested a total of $458.71 in costs. Defendant has not raised any objection to Plaintiff's request for costs.

1

otherwise conceding due to the relatively small size of the disputed time. As discussed below, Plaintiff should be awarded the full amount of this amended fee request.

## ARGUMENT

**I.** *Defendant Has Not Introduced Evidence to Refute Plaintiff's Demonstration of Counsel's Reasonable Hourly Rate.*

An attorney's reasonable hourly rate is the prevailing rate in the applicable market. This rate is established with reference to the "the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity " *Student Pub. Interest Research Grp. of New Jersey, Inc. v. AT & T Bell Labs.*, 842 F.2d 1436, 1450 (3d Cir. 1988). "An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir. 2004).

When a plaintiff files a fee petition, she has the "burden of documenting the applicable hourly rate." *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001). "Once the plaintiff has made the prima facie showing with respect to the appropriate hourly rate, that rate may be contested, 'but only with appropriate record evidence**. In the absence of such evidence, the plaintiff must be awarded attorneys' fees at her requested rate.**'" *Id.* (quoting *Smith v. Philadelphia Housing Authority,* 107 F.3d 223, 225 (3d Cir.1997))(emphasis added).

Here, Counsel is seeking to recover an hourly rate of $412.50. Pursuant to the CLS fee schedule, attached hereto as <u>Exhibit 4</u>, an attorney with 11-15 years' experience would warrant an hourly rate from $375 to $450 per hour.

Counsel has documented his hourly rate with: (1) his own declaration as to his experience and qualifications (ECF No. 5, Ex. 1 (Dunne Decl.)); (2) a declaration from Predrag Filipovic, who is an experienced Philadelphia consumer attorney (ECF No. 5, Ex. 2 (Filipovic Decl.)); (3) a declaration from Daniel DeLiberty, who is an experienced consumer advocate (ECF No. 5, Ex. 3 (DeLiberty Decl.)); and (4) the Community Legal Services fee schedule (ECF No. 5, Ex. 4 (CLS Schedule)). The Third Circuit has approvingly cited to CLS fee schedule for attorney rates in Philadelphia in *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001). These declarations, plus the CLS Schedule, easily satisfy Counsel's burden. Based on this factual record, the requested billing rates set forth in the table above are reasonable.

Where, as here, Defendants have not offered any evidence to contradict the three declarations submitted by Counsel, and the CLS Schedule, the Court must adopt the billing rates requested by Counsel. *Id. See also T.B. v. Mount Laurel Bd. of Educ.*, 2012 WL 1079088, at *4 (D.N.J. Mar. 30, 2012) ("Defendant points to numerous previous cases in this district where Mr. Epstein's fees were disputed. However, Defendant has not provided any evidence in the record of contrary rates except for its argument that lower rates were deemed appropriate for Mr. Epstein in previous matters. This is insufficient.")(citing *Killian v. Johnson & Johnson*, 2009 WL 537666, at *16 (D.N.J. Mar. 4, 2009)(awarding the requested hourly rates because an argument that significantly lower rates were approved for attorneys litigating similar cases is insufficient to rebut a prevailing party's prima facie showing of a reasonable hourly rate when unsupported by any evidence in the record)).

## II.  *Defendant Has Not Introduced Evidence to Refute Plaintiff's Demonstration of Paralegal's Reasonable Hourly Rate.*

Plaintiff has made a prima facie showing with respect to the appropriate paralegal hourly rate and attached the Community Legal Services fee schedule (ECF No. 5, Ex. 4 (CLS Schedule)) to the Fee Petition. The Third Circuit has approvingly cited to CLS fee schedule for paralegal rates in Philadelphia in *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001). These declarations, plus the CLS Schedule, easily satisfy Counsel's burden. Based on this factual record, the requested billing rate ($125) is reasonable.

Mrs. Kathryn Salvaterra's hourly rate of $125 is usual and customary in Philadelphia, Pennsylvania for a litigation paralegal with eleven (11) years of experience. Mrs. Salvaterra obtained a Bachelor of Science in Paralegal Studies at Philadelphia's renown Peirce College - an ABA approved program and has been employed by Dunne Law Offices, P.C. since 2011 as a litigation paralegal helping consumers obtain access to justice under the FDCPA and FCRA. See Exhibit A "Paralegal Resume."

This $125 per hour rate assigned to the paralegal in this case is a reasonable lodestar fee for consumer protection work. This rate reflects a below market rate as indicated in the CLS Philadelphia fee schedule rate for Paralegal I and II. (ECF No. 5, Ex. 4 (CLS Schedule))

Court throughout the Third Circuit have upheld the aforementioned hourly rate for paralegals. *Kissinger v. The Mennonite Home,* 5:20-cv-03000 (The Court finds that a $160.00 per hour rate, in alignment with both Mennonite Home's request and the CLS Philadelphia, fee schedule for paralegals, is a reasonable hourly rate for the paralegal-type work); *BMO Harris*

*Bank v. Superior Trucking, Inc.*, 2:20-cv-02362 (The Court finds that a $175 per hour rate for paralegals with eleven, fifteen and twenty years' experience is reasonable).

This Court should approve of the $175 in paralegal time billed in this matter.

### III. Most of Defendant's Specific Objections Fail.

Defendant's objections include: (1) time spent on work alleged to be clerical in nature, (2) time spent reviewing court notices, (3) time spent responding to Defendant's communications, (4) time spent drafting complaint, and (5) time spent on legal research. As discussed below, most of these objections are without merit, and Counsel is entitled to recover for most of his time.

#### a. Clerical Objections

There is no blanket prohibition on counsel recovering for time spent on "clerical" or "administrative" work. To the contrary, "[t]he Third Circuit has held . . . that administrative or clerical work performed by professionals may be compensable." *In re 14605, Inc.*, 2007 WL 2745709, at *11 (Bankr. D. Del. Sept. 19, 2007) (citing *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 851 (3d Cir. 1994)).

Here, Defendant has objected to 5.0 hours of time as being clerical in nature. A breakdown of the time is as follows:

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Stephen Dunne | $412.50/hour | 5.0 | $2,062.50 |
| **TOTAL** | | **5.0** | **$2,062.50** |

After reviewing Defendant's objections, Plaintiff is willing to modify her request to eliminate time spent on some arguably clerical or administrative tasks. Specifically, Plaintiff is willing to make the following reductions in time requested: 0.5 hours for time spent by Attorney Dunne in "Drafting letter of representation and mail (0.3) and faxing (0.2) LVNV Funding." The duplicative nature of communicating with the Defendant by first class mail, certified mail and facsimile was necessary as LVNV Funding, LLC all to often engages in a lack of notice argument making duplicative notice absolutely necessary to avoid future litigation expenses down the road where the Defendant argues lack of notice. A further reduction of 0.3 in time associated with the preparation and filing of civil cover sheet, case management form, and designation forms associated with the Complaint.

Thus, after applying these **0.8 in time reductions**, the following amount of time remains in controversy:

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Stephen Dunne | $412.50/hour | 4.2 | $1,732.5 |
| **TOTAL** | | **4.2** | **$1,732.50** |

However, this disputed time was reasonable and necessary, and it was appropriate for this time to be billed at the respective attorney's hourly rate.

    b.    **Complaint Objections**

The objection to Attorney Dunne's time in drafting a complaint is unpersuasive. The time billed is 2.4 hours to "Draft Complaint, contact client to review, prepare forms…" Rule 11 mandates that the signor has a personal, nondelegable responsibility to comply with the requirements of Rule 11 before signing the document. Here, Counsel complied with his

duty to conduct a reasonable investigation into the law and facts supporting the underlying claims. Regardless of whether a form was used for efficiency purposes, an attorney must conduct a thorough prefiling inquiry in connection with the factual basis of the pleading. Further, I have complied with my duty and certified that all pleadings are legally tenable and well grounded in fact.

    c.    **Court Notices Objections**

Defendant objects to Plaintiff's counsel 0.1 hours for reviewing a court notice. Failing to review court notices could arguably violate an attorney's obligations under Rule 11.

Defendant objects to Plaintiff's counsel 0.5 hours for "Contact process server to obtain costs of service, prepare documents to be sent to process server." Plaintiff's counsel takes the matter of service of process seriously as without valid service of process, the court does not obtain personal jurisdiction over the defendant. Service of process becomes especially important when the Defendant, as here, fails to respond to the Complaint by filing an Answer.

When dealing with an out of state process servers for the first time, as in this instance, it is necessary to communicate with the process server telephonically and in-writing to ensure that the Summons and Complaint is served correctly and that the process server complies with FRCP 4(l)

### d. **Communication Objections**

Defendant objects to 1.1 hours for Plaintiff's counsel review of emails from Defendant's counsel, Lauren Burnette, Esq. It is unclear how review of communications from a represented party should not be performed by an attorney.

### e. **Legal Research**

Defendant objects to 0.5 hours for Plaintiff's counsel legal search in connection with the citation, *Riccio v. Sentry Credit, Inc.,* 954 F. 3d 582 (3d Cir. 2020)("Collectors are prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute). Plaintiff's counsel first learned the importance of shepardizing citations while participating in moot court in Cambridge, MA in 2004. An opponent unwittingly cited to a decision that had been recently overturned and lost the moot court case for citing to bad case law. Plaintiff's counsel is reminded of that indelible memory when Defendant shirks the importance of researching case law.

Indeed, the CFPB's new Regulation F interpreting the FDCPA took effect November 30, 2021 and that is already having a profound impact on FDCPA cases in the last six months alone. There are no less than 384 citations to the word "dispute" in the final rule - https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f

It is imperative that practicing attorneys keep abreast to the ever changing legal landscape in order to comply with the the mandates of Rule 11 - "the signor conduct a reasonable investigation into the law and facts supporting the underlying claims.

## CONCLUSION

As discussed above, Defendant has not provided any *evidence* to support a reduction in the requested rates. Furthermore, the majority of Defendant's specific objections fail. The time spent in this matter was reasonable and necessary to pursue this action. And, Plaintiff has voluntarily discounted the amount of time that she is requesting to account for possibly meritorious objections that Defendant raised. Thus, Plaintiff's net request is as follows:

| Professional | Requested Rate | Time Spent | Time Withdrawn | Amount Requested |
|---|---|---|---|---|
| Stephen Dunne | $412.50/hour | 10.4 | 0.8 | $4,290 |
| Kathryn Salvaterra | $125/hour | 1.4 | 0 | $175 |
| **TOTAL** | | | | **$4,465.00** |

Plaintiff respectfully requests that the Court award Counsel $4,465.00 in fees and $458.71 in costs.

s/ Stephen M. Dunne
Stephen M. Dunne
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Office: (215)551-7109
Fax: (215)525-9721
Email: stephen@dunnelawoffices.com
